95 F.3d 1146
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Michael A. CROOKER, Defendant, Appellant.
 No. 96-1093.
 United States Court of Appeals, First Circuit.
 Sept. 6, 1996.
 
 Owen S. Walker, Federal Defender Office, on brief for appellant.
 Donald K. Stern, United States Attorney, and Ariane D. Vuono, Assistant U.S. Attorney, on brief for appellee.
 Before TORRUELLA, Chief Judge, CYR and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael A. Crooker, who is currently serving a 96-month term of imprisonment, appeals from a district court order denying his motion to delete or amend a special condition of supervised release requiring him to comply with the requirements of the Internal Revenue Service (I.R.S). We think that Crooker's concern that the condition is too vague is premature. Crooker's probation officer has indicated that the I.R.S. will contact Crooker directly with its requirements and instructions. Cf. United States v. Gallo, 20 F.3d 7, 12 (1st Cir.1994) (observing that the notification process is not limited to the four corners of the probation order, and that the meaning of a probation order may be illuminated by the judge's statements, the probation officer's instructions, or other events, any or all of which may assist in completing the notification process). Should the I.R.S. fail to do so on or about the time Crooker is released--or should the instructions be unclear, incomplete, or otherwise leave any of Crooker's questions unanswered--Crooker may seek further clarification from Probation or from the district court. Similarly, Crooker may, at that time, bring to the attention of the district court any concern that the I.R.S. instructions are inconsistent with the plea agreement or with the district court's intent at sentencing.
 
 
 2
 Affirmed. See Loc. R. 27.1.